In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-09-00190-CR


____________________



CHARLES NICHOLS a/k/a CHARLES RAYFIELD NICHOLS a/k/a


CHARLES RAPHEL NICHOLS a/k/a CHARLES R. NICHOLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 08-03222






 MEMORANDUM OPINION


 Pursuant to a plea bargain, Charles Nichols a/k/a Charles Rayfield Nichols a/k/a
Charles Raphel Nichols a/k/a Charles R. Nichols pled guilty to assault on a family member. 
See Tex. Pen. Code Ann. § 22.01(a)(1)(b) (Vernon Supp. 2009). Nichols also pled true to
having committed a prior burglary, as alleged in an enhancement provision of the indictment,
thus, raising Nichols's punishment status to that of a repeat offender. See Tex. Pen. Code
Ann. § 12.42(a)(3) (Vernon Supp. 2009). The trial court deferred adjudication of guilt,
placed Nichols on community supervision for ten years, and assessed a $1,000 fine. The
State subsequently filed a motion to revoke Nichols's community supervision. The motion
alleged that Nichols committed six violations of the terms established for his community
supervision. Nichols pled true to five of the violations. The trial court accepted his pleas,
revoked his community supervision, adjudicated him guilty, and then sentenced him to
twenty years of confinement. See Tex. Pen. Code Ann. § 12.33 (Vernon Supp. 2009)
(providing that imprisonment for second degree felonies may be for any term of not more
than twenty years or less than two years). Nichols appealed.

 Nichols's appellate counsel filed an Anders brief. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief meets the Anders requirements
by presenting a professional evaluation of the record that demonstrates why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978). Counsel provided Nichols with a copy of the brief. 

 Nichols then filed a pro se brief. Nichols raises various issues challenging the validity
of his indictment. Nichols also complains that he received an excessive sentence. Last,
Nichols claims he received the ineffective assistance of appellate counsel. 

 In addressing an Anders brief with a pro se response, a court of appeals may only
determine (1) that the appeal is wholly frivolous and issue an opinion explaining that the
court has reviewed the record and finds no reversible error, or (2) that arguable grounds for
appeal exist and remand the cause to the trial court so that new counsel may be appointed to
brief the issues. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 

 Having reviewed the clerk's record, the reporter's record, counsel's brief, and
appellant's pro se brief, we agree that the appeal is frivolous. See id. Therefore, we find it
unnecessary to order appointment of new counsel to re-brief the appeal. See id.; cf. Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment. (1)

 AFFIRMED.



 ____________________________

 HOLLIS HORTON

 Justice




Submitted on December 28, 2009

Opinion Delivered January 6, 2010

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.

1. Nichols may challenge our decision in this case by filing a petition for discretionary
review. Tex. R. App. P. 68.